IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| L.T.E. RAIL SERVICES, INC.<br>OHIO COMMERCE CENTER,<br>an Ohio/Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CANADIAN PACIFIC KANSAS CITY<br>successor in interest to CENTRAL MAINE &<br>QUEBEC RAILWAY US, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br><br>  Judge _____ |

**COMPLAINT**
**(Breach of Contract)**

**PARTIES**

1. Plaintiff L.T.E. Rail Services, Inc. ("LTEX") is an Ohio corporation with its principal place of business in Warren, Ohio. LTEX purchases and refurbishes used locomotives and leases those refurbished locomotives to railroad companies.

2. Defendant Canadian Pacific Kansas City Limited ("CPKC") is a Canadian company with its principal place of business in Calgary, Alberta, Canada. CPKC operates an international network of rail transportation. It has possession of LTEX's locomotives but refuses to pay monies due for maintaining possession or return the locomotives in the functional condition required by contract.

3. CPKC is the legal successor in interest to the assets and liabilities of the Central Maine and Quebec Railway US, Inc. ("the CMQ"). In 2019, Canadian Pacific Railway Limited ("CPRL") entered into a transaction to acquire CMQ, which was approved and finalized on June

3, 2020.  CPKC conducts business on its own behalf and on behalf of CMQ, a Delaware Corporation.

4. On April 14, 2023, CPRL merged with Kansas City Southern (a Delaware corporation) forming CPKC, and as such, CPKC as the successor in interest, has assumed all liabilities.

5. On or about the 13th day of February, 2015, in the County of Trumbull and State of Ohio, plaintiff entered into a Locomotive Net Lease Agreement with the CMQ, a copy of which is attached hereto and marked Exhibit A (the "Lease Agreement").

## JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as the Plaintiff and Defendant are citizens of different states and the amount in controversy is in excess of $75,000.00.

7. This Court has personal jurisdiction over all parties because the Lease Agreement designates the state and federal courts of Maine as the proper and exclusive forum for resolution of disputes under the Lease Agreement and the Defendant is the legal successor to CMQ.

## STATEMENT OF FACTS

8. Pursuant to the Lease Agreement, Plaintiff provided the goods and services in Schedule B to the Lease Agreement, including the following locomotives identified by the number commonly used between and among the parties:  LTEX 2516, 2525, 2535, 2540, 2542, 2550, 2558, and 2573 (the "Locomotives").  (Exhibits B and C).

9. Among other obligations under the Lease Agreement, CMQ agreed to make all required payments on the Locomotives, maintain the Locomotives at CMQ's expense, and, upon termination of the Lease or other specified reason under the Lease, return the Locomotives to LTEX properly maintained and capable of immediate use.

10. On or about December 30, 2019, CPRL purchased the CMQ assuming all of its obligations and liabilities including the obligations under the Lease Agreement. (Exhibit B and D).

11. Subsequent to CPRL's purchase of the CMQ, CPRL admitted that the Locomotives were not in working condition and yet refused to return the Locomotives or pay for continued possession.

12. To this day, CPKC refuses to fulfill its obligations under the Lease Agreement, return the Locomotives in appropriate form, or pay any monies whatsoever, even as it maintains possession.

13. At this time, therefore, CPKC owes in excess of $1,000,000 for continued wrongful possession, for the value of the Locomotives, and other damages. CPKC must return the Locomotives in the form required by the Lease Agreement and pay such damages that arise by virtue of CPKC's failure to timely return the Locomotives or, by way of alternate and supplemental relief, pay sufficient additional funds to replicate the market value of such Locomotives and to compensate LTEX for lost rental value.

## COUNT I
### Breach of Lease Agreement – Failure of Canada Pacific To Make Required Lease Payments

14. LTEX incorporates all of the statements in paragraphs 1 through 13 above.

15. Having maintained possession of the Locomotives without either making holdover lease payments or returning the Locomotives, CPKC owes compensation to LTE measured alternatively by holdover lease payments on the lost market value to LTE that would have otherwise arisen from market value leases to LTEX customers.

16. CPKC is in default under the terms of the Lease Agreement.

17. Under the express terms of the Lease, the total amount due under the Lease accelerates upon default. (¶ 11(A)(1)). Further, all overdue payments accrue 12% interest once such payments are 20 days past due.

18. CPKC further owes substantial funds for the cost of renting, overhauling and repairing the Removed Locomotives.

19. As such, Defendant owes LTEX at least $1,000,000, plus such interest, costs and fees that the Court may determine is due.

20. By way of alternate and supplemental pleading, LTEX is seeking compensation for the lost business value of the ability to rent the Locomotives to other customers.

WHEREFORE, LTEX requests judgment in the minimum amount of $1,000,000 against CPKC, including the value or the loss of use of the Locomotives, the cost of overhauling and repairing the Locomotives, or by way of alternate and supplemental relief the lost business value of the ability to rent the Locomotives, and such additional interest as may accrue during judgment and collection, along with such other and further relief this Court deems appropriate. By way of alternate relief, LTEX seeks such relief against CMQ.

**COUNT II**
**Specific Performance – Obligation to Maintain Locomotives**
**And Comply With Return Conditions**

21. LTEX incorporates here all of the statements and allegations contained in Paragraphs 1 through 13 above.

22. Pursuant to the Lease, CPKC assumed the obligation to maintain the Locomotives while in possession of the Locomotives and then return the Locomotives to the high standards required by the Lease, all at its expense. (Lease Agreement ¶ 6)

23. CPKC no longer has the right to maintain possession of the Locomotives but refuses to comply with its obligations, including but not limited to the return of the Locomotives.

24. The Locomotives are not, on information and belief, operable, let alone in compliance with the Return Conditions.

25. CPKC refuses to maintain, repair or return the Locomotives.

26. CPKC must therefore return the Locomotives and further comply with the Return Conditions set forth in the Agreement by returning the Locomotives at its expense including without limitation "fully operational with no missing parts, free of any wreck, derail or collision damage, and free of FRA defects." (Lease Agreement ¶ 6).

27. Pursuant to the terms of the Lease Agreement specifically including "Remedies Upon Default," LTEX is entitled to enforce performance by Lessee of the applicable covenants of the lease by obtaining an order of this Court specifically directing performance of its obligations.

28. CPKC, as the successor in interest, is in breach of the Lease and therefore should be specifically ordered to perform its obligations and make such additional payments as may be necessary to make LTEX whole.

29. CPKC must restore the Locomotives to the form and condition required by the Lease Agreement, and return such Locomotives to LTEX at its expense or, by way of alternate pleading, pay LTEX the market value of Locomotives equivalent to the Locomotives in its possession if CPKC had complied with its maintenance and return obligations, as well as pay such other and further moneys that may be due by virtue of CPKC wrongdoing.

WHEREFORE, LTEX demands that CPKC be required to fulfill the terms of the Lease covenants including but not limited to the repair of all damages to the Locomotives, and the return of the Locomotives to LTEX at CPKC's expense and to pay the rental value on lost business value of the Locomotives until they are returned and such other and further relief this Court deems appropriate to provide full relief to accompany an order of specific performance or, alternatively,

Plaintiff demands that it recover all sums due from Defendant for breach of the terms of the Lease Agreement in an amount in excess of $1,000,000 as well as such other and further relief this Court deems appropriate. By way of alternate relief, LTEX seeks such relief against CMQ.

## COUNT III
### Replevin Pursuant to Section § 2737.03 Of Ohio Revised Code, By Way of Alternate Pleading

30. Defendant is in possession of the Locomotives.

31. LTEX owns the Locomotives.

32. As a result of its various defaults under the Lease Agreement, CPKC no longer has the right to possession of such Locomotives.

33. Ohio law governs the legal relationship between LTEX and CPKC.

34. Under Ohio law, CPKC has the obligation to return the Locomotives upon Motion.

35. The Court has the authority to set conditions upon the return of the Locomotives, including requiring the Locomotive to be in the condition required by the Lease Agreement prior to return.

36. By way of alternate pleading, LTEX seeks equivalent relief of statutory replevin under Maine law.

37. LTEX may seek such statutory relief under Ohio law while reserving all other rights, including the right to monetary relief.

WHEREFORE, by way of alternative pleading, LTEX demands that the CPKC be required to return the Locomotives upon Motion and award such other and further relief the Court deems appropriate. By way of alternate relief, LTEX seeks such relief against CMQ.

DATED: September 15, 2023.

                                                 Respectfully submitted,

                                                 /s/ Gavin G. McCarthy
                                                 Gavin G. McCarthy
                                                 Pierce Atwood LLP
                                                 254 Commercial Street
                                                 Portland, ME 04101
                                                 Tel: (207) 791-1100
                                                 gmccarthy@pierceatwood.com

                                                 Jeffrey J. Mayer
                                                 Jani K. Mikel
                                                 Akerman LLP
                                                 71 South Wacker Drive, Suite 4700
                                                 Chicago, IL 60606
                                                 Tel.: (312) 634-5700
                                                 Jeffrey.mayer@akerman.com
                                                 Jani.mikel@akerman.com

                                                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court by emailing a copy to MaineECFIntake@med.uscourts.gov.

*/s/ Gavin G. McCarthy*
Gavin G. McCarthy
